IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

JERRY WAYNE and TERESA KNAUS CARPER,
        Plaintiffs,

v.                    Case No. 5:22-cv-00034

SNS CARS INC.,

SERVE:    Adel Tajdar - Registered Agent
              2097 John Marshall Highway
              Front Royal, VA., 22630-0000

        Defendant.

## COMPLAINT

COMES NOW, JERRY WAYNE and TERESA KNAUS CARPER ("Plaintiffs") by counsel, and moves for judgment against SNS CARS, INC., ("Defendant") on the grounds and in the amount as hereinafter set forth:

## PARTIES

1. Plaintiffs reside in Luray, Virginia, which is in Page County.

2. Defendant is a Virginia corporation engaged, *inter alia*, in the business of selling used vehicles to the public on a retail basis, and it has its principal place of business in Front Royal, Virginia, which is in Warren County.

3. The defendant was at all relevant times regularly engaged in the purchase and resale of motor vehicles.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 49 U.S.C. § 32710(b), 15

1

U.S.C. § 2310 (due to more than $50,000 in controversy), 28 U.S.C. § 1331, and supplemental jurisdiction of the state law claims regarding the same transactions and events under 28 U.S.C § 1367(a).

5. Venue in this District is proper under 28 U.S.C §1391(b) (1) since Defendant resides here, does business here, and its registered agent is located here.

## FACTUAL BACKGROUND

6. The vehicle in question is a 2009 Buick Enclave, Vehicle Identification Number 5GAEV23D89J130389, herein referred to as "the vehicle."

7. Defendant is a used car dealer selling vehicles to the public on a retail basis.

8. On or about 12/15/2019 the vehicle was serviced and had a mileage reading of 133,202 miles accord to the vehicle's Car Fax Vehicle History Report ("the Carfax"). **Exhibit 1.**

9. On or about 06/01/2020, Defendant purchased the vehicle at an auto auction. At this time, the vehicle had an odometer reading of 136,897 miles. **Exhibit 1.**

10. On or about 11/12/2020, after purchase by the Defendant, the vehicle has a Virginia State Police Safety Inspection which reported the vehicle's mileage as 77,369. **Exhibit 1.**

11. On or about 02/01/21 Defendant negotiated for the sale of the vehicle to the Plaintiffs, during which it prepared and gave to Plaintiffs an Odometer Disclosure Statement in which it certified that the odometer reading for this vehicle was 77,369 miles which, to the best of its knowledge, reflected the actual mileage of the vehicle.

12. On or about 02/01/21, during negotiations, the salesman for Defendant, Adel Tajdar, presented the Buyer's Order, which noted an odometer reading of 77,369, and represented that the vehicle to have 77,369 miles.

13. Relying on the proposed Buyer's Order and Odometer Disclosure Statement, and representation about the vehicle by the salesman, *inter alia*, the Plaintiffs decided to purchase the

vehicle, and they signed these documents.

14. After these documents were signed by both Plaintiffs and Defendant, the Defendant went back and marked out the box on the Odometer Disclosure Statement that said "Odometer reading entered is the actual mileage," and instead marked the box that says "Odometer reading entered is not the actual mileage" without the knowledge of the Plaintiffs, and without getting the clause initialed by the buyer. **Exhibit 2.**

15. In addition to fraudulently tampering with the Odometer Disclosure Statement after Plaintiffs had signed the document, the Defendant tampered with the signed Buyer's Order. After the Plaintiffs had signed the Buyer's Order, the Defendant wrote "t.m.u." (true mileage unknown) over the listed mileage without the knowledge of the Plaintiffs and without initialing it or having the Plaintiffs initial this alteration. **Exhibit 3.**

16. Defendant also provided Plaintiffs with a Virginia OLRS Transaction Summary that claims the vehicle has 77,369 miles, and it claims that this is the "actual mileage," on which Plaintiffs relied as well in their decision to purchase the vehicle. **Exhibit 4**

17. The title acquired by Defendant for Plaintiffs has the Odometer Brand as "ACTUAL." **Exhibit 5.**

18. Upon information and belief, Defendant knew the mileage of the vehicle was substantially more than that originally shown on the Odometer Disclosure Statement, Buyer's Order, and Virginia OLRS Transaction Summary.

19. Upon sale of the vehicle, Defendant also sold Plaintiffs a warranty covering the engine and the transmission, as seen in the Buyer's Guide. **Exhibit 6.**

20. The vehicle has had numerous unsuccessful repair attempts on the engine under the warranty, and Defendant has not properly repaired it within a reasonable period of time.

21. As a result of the violations of law by Defendant, Plaintiff has suffered actual damages, inter alia, the vehicle was not worth what he paid for it, loss of use, inconvenience,

embarrassment, and emotional distress.

22. All acts of the agents, servants, and employees of the Defendant, as alleged in this complaint, were performed within the course and scope of their agency and employment with said defendant and were authorized and/or ratified by said defendant.

22(a). Defendant does not know what the actual mileage of the vehicle was on the date it sod it to the Plaintiffs.

## First Claim
## FEDERAL ODOMETER ACT

23. Plaintiffs realleges and incorporates herein the allegations of paragraphs 2 through 23.

24. Defendant violated the Federal Odometer Act in one or more of the following respects.

(a) Defendant, in making odometer disclosures, gave false statements to a transferee in violation of 15 U.S.C. §1988(b) and 49 C.F.R. §580.4.

25. Defendant violated the Federal Odometer Act with intent to defraud.

26. Defendant is a transferor within the terms of the Federal Odometer Act.

## Second Claim
## VIRGINIA CONSUMER PROTECTION ACT

27. Plaintiffs realleges and incorporates herein the allegations of paragraphs 2 through 27.

28. The sale of the vehicle by Defendant was a "consumer transaction" as defined in Section 59.1-198 of the Code of Virginia (1950); the vehicle constitutes "goods" as defined in Section 59.1-198 of the Code of Virginia; Defendant is a "supplier" as defined in Section 59.1-198 of the Code of Virginia; and each plaintiff is a "person" as defined in Section 59.1-198 of the Code of Virginia.

31. Defendant committed unfair or deceptive acts or practices in violation of the Virginia Consumer Protection Act, §59.1 - 196 et seq., including giving false statements to a transferee in making odometer disclosures, in violation of 15 U.S.C. §1988 (b) and 49 C.F.R. §580.4.  This is a violation of §59.1-200 (5), (6), & (14) Code of Virginia.

32. Defendant committed the above unfair or deceptive acts or practices willfully.

### Third Claim
### ACTUAL AND CONSTRUCTIVE FRAUD

33. Plaintiffs realleges and incorporates herein the allegations of paragraphs 2 through 31.

34. In selling the vehicle to Plaintiffs, Defendant made a false representation of fact about the true mileage of the vehicle.

35. The representation was made with full knowledge of its falsity or with reckless disregard to the truth, but if not, still constitutes constructive fraud.

36. Plaintiffs justifiably relied on the false representation of the odometer reading. The odometer reading played a material and substantial part in leading Plaintiffs to purchase the vehicle.

37. As a proximate result of the false representation, and reliance thereon by the Plaintiffs, they have incurred actual damages, including but not limited to the diminished value of the vehicle, excess finance charges, excess insurance costs and property taxes, repair and towing charges.

38. Defendants actions were done intentionally, and with actual malice, or were so reckless as to evince a conscious disregard for the Plaintiffs' rights, thereby also entitling Plaintiffs to punitive damages.

## Fourth Claim
## BREACH OF WARRANTY

39. Plaintiffs reallege and incorporate herein the allegations of paragraphs 2 through 37.

40. The representations made by the figures on the odometer itself and by the Odometer Disclosure Statement, Buyer's Order, and Virginia OLRS Transaction Summary, attached as Exhibit 1, 2, and 3 that the vehicle had been driven 77,369 miles and the representations by Defendant were affirmations of fact or promises which became part of the basis of the bargain between Plaintiffs and Defendant.

41. Those representations were not true. Defendant breached their express warranties to Plaintiffs.

42. The mechanical problems with the vehicle that existed at the time of sale, as well as the unknown actual mileage on the vehicle make it unmerchantable, and thus Defendant violated its warranty of merchantability.

## Fifth Claim
## BREACH OF EXPRESS AND IMPLIED WARRANTIES UNDER
## THE MAGNUSON-MOSS WARRANTY ACT

43. Plaintiffs incorporate the allegations of paragraphs 1 through 41 as if alleged herein.

44. Plaintiffs are "consumers" as defined in 15 U.S.C. §2301 (3); the defendant fits the definition of "supplier" and "warrantor" as defined in 15 U.S.C. §2301 (4) and (5); and the vehicle is a "consumer product" as defined in 15 U.S.C. §2301 (1).

45. Defendant does not have a dispute resolution mechanism which meets the

requirements of 16 C.F.R. Part 703, promulgated by the Federal Trade Commission pursuant to §2310(a)(2) of the Magnuson-Moss Warranty Act ("The Act").

46. The vehicle was manufactured after July 4, 1975, and an express Limited Warranty and an implied warranty of merchantability were given to plaintiffs as a part of the purchase, warranties which meet the definition of "written warranty" and "implied warranty" contained in 15 U.S.C. §2301 (6) and (7). 15 U.S.C. §2304 (a)(1) and (4).

47. The defendant has also breached its implied warranty of merchantability since the vehicle, in view of the incorrect and unknown odometer reading, and the defects and defendant's inability or refusal to correct them, was not fit for the ordinary purpose for which the vehicle was used. 15 U.S.C.§§2308, 2310 (d).

48. As a proximate result of defendant's violations of the Act and breach of its warranties, the plaintiffs have been damaged for which the defendant is responsible. 15 U.S.C. §§2304(a) and 2310(d).

WHEREFORE, Plaintiffs demand:

A. That upon Plaintiffs' First Claim, plaintiffs be awarded judgment against Defendant in the amount of the greater of triple the actual damages proved at trial or statutory damages of $10,000, whichever is greater, plus legal fees and costs under the Federal Odometer Act. 49 U.S.C. §32710.

B. That upon Plaintiffs' Second Claim, plaintiffs be awarded judgment against Defendant in the amount of triple her actual damages, statutory damages, and attorney's fees and costs under the Virginia Consumer Protection Act, § 59.1-200 et seq., or if the violations are deemed unintentional restitution and legal fees and costs pursuant to Virginia Code §59.1-207

C. That upon Plaintiffs' Third Claim, plaintiffs be awarded judgment against

Defendant in the amount of their actual damages and $250,000.00 in punitive damages.

  D. That upon Plaintiffs' Fourth Claim, plaintiffs be awarded judgment against Defendant in the amount of their actual damages.

  E. That upon Plaintiffs' Fifth Claim, plaintiffs be awarded judgment against Defendant in the amount of their actual damages, and legal fees and costs.

  K. Such other and further relief as the Court deems just and proper.


**TRIAL BY JURY IS DEMANDED**

        **JERRY WAYNE CARPER**
        **and**
        **TERESA KNAUS CARPER,**


      By: /s/ John Cole Gayle Jr., Esq.
         Counsel

John Cole Gayle, Jr., Esquire
The Consumer Law Group, P.C.
VSB No. 18833
1508 Willow Lawn Dr., Ste. 220
Richmond, Virginia 23230
(804) 282-7900
(804) 673-0316 (Fax)
jgayle@theconsumerlawgroup.com

  Counsel for Plaintiff